# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| TONY JONES, aka TONY ATROY JONES, | C/A No. 4:09-1598-HFF-TER |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| WARDEN OF BROAD RIVER CORRECTIONAL INSTITUTION, | |
| Respondents. | |

Petitioner, Tony Jones ("Petitioner/Jones"), is currently incarcerated at Broad River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 19, 2009. Respondent filed a motion for summary judgment on September 1, 2009, along with a return, supporting memorandum, and exhibits. The undersigned issued an order filed September 2, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response.

It is recommended that this action be dismissed as barred by the statute of limitations, and there are no grounds for equitable tolling. However, the lengthy procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

# I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently confined at the Broad River Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Orangeburg County. Petitioner was indicted by the Orangeburg County Grand Jury during the February 1988 Term of the Court of General Sessions for one count of Armed Robbery(1988-GS-38-197), and one count of Murder (1988-GS-38- 196). Petitioner was represented by Reddick A. Bowman, Esquire, a Public Defender for Orangeburg County. The State was represented by Thomas R. Sims, Esquire, Assistant Solicitor for the First Judicial Circuit. On June 6, 1989, Petitioner was found guilty by a jury of both charges. The Honorable Anthony Harris, Circuit Court Judge, sentenced Petitioner to life for the murder charge to be served consecutive to an armed robbery for which Petitioner was already serving, and twenty-five (25) years confinement for the armed robbery conviction, to be served consecutive to the life sentence for the murder charge.

Petitioner timely filed a Notice of Appeal. On appeal, Petitioner was represented by Joseph L. Savitz, III, Esquire, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner's appeal was perfected with the filing of a Final Brief of Appellant. In the Final Brief, Petitioner argued the court should have directed a verdict of acquittal.

In a Memorandum Opinion filed November 19, 1990, the South Carolina Supreme Court affirmed Petitioner's convictions. The Remittitur was issued on November 30, 1990.

**FIRST PCR**

Petitioner filed an Application for Post-Conviction Relief on May 20, 1992 (1992- CP- 38- 404), ineffective assistance of counsel. Specifically, Petitioner asserted counsel was ineffective when he failed to cross examine properly the states witness, failed to subpoena any kind of expert witness that may have been in favor of the Petitioner, failed to make any kind of pre-trial investigation into the charges and allegations, failed to act in "good faith," and failed to ask certain questions of the detective on the witness stand. The Respondent filed its Return on July 13, 1992.

On April 25, 1995, an evidentiary hearing in this matter was held before the Honorable Rodney A. Peeples, Circuit Court Judge. Petitioner was present and was represented by Tara Anderson, Esquire. Assistant Attorney General Alice C. Broadwater, Esquire, represented Respondent. By Order filed June 16, 1995, Petitioner's Application for Post-Conviction Relief was denied and dismissed with prejudice. There was no immediate appeal filed to this PCR Order.

**SECOND PCR**

Petitioner filed his second Application for Post-Conviction Relief on December 28, 1995 (1995-CP-38-857), alleging ineffective assistance of counsel. Specifically, Petitioner asserted [PCR] counsel knowingly and willingly disregarded trial judge orders to appeal lower court decision concerning allegations made by applicant doing a post conviction relied hearing. Petitioner also asserted trial counsel was ineffective. Specifically, Petitioner asserted counsel failed to object to in court identification in order to protect applicant's due process rights; counsel failed to ask certain questions of detective on witness stand; counsel failed to corroborate two different testimonies in order to clear applicant; counsel failed to subpoena any kind of expert witness that may have been

3

in favor of the applicant; counsel failed to present any kind of expert defense; counsel failed to make any kind of pre-trial investigation into the charges and allegations; counsel failed to make a Brady motion, which if made would have vindicated the applicant; counsel never made a motion for exculpatory records; counsel failed to act in "good faith;" the prosecutor failed to correct prejudicial testimony; and failure of judge to perform his duties. The Respondent filed its Return and Motion to Dismiss on July 10, 1996.

On December 16, 1997, an evidentiary hearing in this matter was held before the Honorable Charles W. Whetstone, Circuit Court Judge. Petitioner was present and was represented by John Mobley, Esquire. Assistant Attorney General Matthew M. McGuire, Esquire, represented Respondent. By Order filed January 14, 1998, Petitioner's Application for Post-Conviction Relief was granted to the extent that it requested appellate review of his prior PCR via Austin v. State. The rest of the claims in the PCR Action were denied and dismissed with prejudice.

The PCR Court noted that Respondent agreed to Petitioner's claim that an appeal from the order denying the previous application for post-conviction relief was requested but never perfected (92-CP-38-404). Consequently, the PCR Court found that Petitioner was entitled to a belated appeal of his previous PCR application pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991).

The PCR Court reviewed the record in its entirety and heard the testimony presented at the post-conviction relief hearing. Further, the PCR Court observed the witnesses presented at the hearing, passed upon their credibility, and weighed their testimony accordingly. As to any claim that Petitioner received ineffective assistance of trial counsel, or that previous PCR counsel failed to raise a meritorious claim, the PCR Court found that the claims were barred as successive. However, the PCR Court found that Petitioner was entitled to a belated PCR appeal to his first PCR application

pursuant to Austin v. State, supra.

Petitioner did not timely file a Notice of Appeal of the second PCR order.

On November 13, 2003, Petitioner filed a pro se Petition for Writ of Certiorari Pursuant to Austin v. State. In an Order filed January 30, 2004, the South Carolina Supreme Court denied Petitioner's Petition for Writ of Certiorari pursuant to Key v. Currie, 305 S.C. 115, 406 S.E.2d 356 (1991), because no extraordinary reason existed to entertain it in South Carolina Supreme Court's jurisdiction.

**THIRD PCR**

Petitioner filed his third Application for Post-Conviction Relief on April 4, 2005 (2005- CP-38-379), alleging ineffective assistance of counsel, fundamental miscarriage of justice, and insufficiency of evidence. Specifically, Petitioner asserted counsel was ineffective for failing to object to and challenge the proffer and entry of S.L.E.D. Agent Ira Parnell, Jr.'s testimony regarding his absolute certainty of his comparison of a plastic "shot collar" allegedly fired by the shotgun found in possession of Petitioner. He further asserted there was no evidence presented at trial that indicated he was guilty. The Respondent filed its Return and Motion to Dismiss on March 20, 2006. On March 28, 2006, Petitioner filed his Objections and Opposition to Respondent's Return and Motion to Dismiss.

On January 11, 2007, an evidentiary hearing in this matter was held before the Honorable James C. Williams, Jr., Circuit Court Judge. Petitioner was present and was represented by Richard Lackey, Esquire. Assistant Attorney General Lance S. Boozer, Esquire, represented Respondent. By Order filed March 13, 2007, Petitioner's Application for Post-Conviction Relief was denied and

dismissed with prejudice. The PCR Court found that all allegations must be dismissed because the current action was successive to Petitioner's prior application for PCR.

Petitioner timely filed a Notice of Appeal as to the third PCR on March 23, 2007. However, Petitioner's appeal was dismissed before briefing. In an Order of Dismissal filed June 7, 2007, the South Carolina Supreme Court dismissed Petitioner's appeal. In the Order, the Supreme Court noted in the explanation required by Rule 227(c), SCACR, petitioner had failed to show that there is an arguable basis for asserting that the determination by the lower court was improper. Accordingly, this matter was dismissed. The remittitur would be sent as provided by Rule 221(b), SCACR. The Remittitur was issued on June 25, 2007.

**FOURTH PCR**

Petitioner filed his fourth Application for Post-Conviction Relief on April 9, 2008 (2008-CP-38-587), alleging ineffective assistance of counsel, denial of direct appeal, due process violation, chain of custody violation, search and seizure violation, denial of expert witness, judge's substitution violation, exculpatory information violation, Brady violation, subject matter jurisdiction, prior bad acts. Petitioner asserted the filing was based upon newly discovered evidence. Specifically, Petitioner asserted PCR counsel was ineffective when counsel knowingly and willingly disregarded trial Judge orders to appeal lower court decision concerning allegations made by applicant doing a post-conviction relief hearing. The Respondent filed its Return and Motion to Dismiss on November 14, 2008. Respondent also filed a proposed Conditional Order of Dismissal on November 14, 2008. The PCR Court filed its Conditional Order of Dismissal on December 8, 2008.

The PCR Court found that this 4th PCR application must be summarily dismissed because

it was successive to his prior application for post-conviction relief.

Specifically, the PCR Court found that Petitioner's claim that he was entitled to a belated review of his first PCR application pursuant to Austin v. State successive. Petitioner raised a claim of ineffective assistance of counsel because an Austin appeal of C.A. No. 1992-CP-38-0404 was not filed pursuant to the grant of and Austin appeal in C.A. No. 1995-CP-38-0857. This claim came some ten (10) years after the relief was granted. By Petitioner's own pleading, he became aware that no Austin appeal had been filed by August 15, 2001, nearly seven (7) years prior to filing the present application for PCR. Petitioner then filed a pro se Petition for Writ of Certiorari of C.A. No. 1992-CP-38-0404 which was denied by Order of the South Carolina Supreme Court pursuant to Key v. Currie, 305 S.C. 115, 406 S.E.2d 356 (1991) on January 30, 2004. Thereafter, Petitioner filed a PCR application (C.A. No. 2005-CP-38-0379) on April 4, 2005, which was appealed, in which this relief was not sought. Petitioner had thereby abandoned this claim for relief. "A successive PCR application is one that raises grounds not raised in a prior application, raises grounds previously heard and determined, *or raises grounds waived in prior proceedings*." Graham v. State, 378 S.C. 1, 3, 661 S.E.2d 337 (2008). (citing Odom v. State, 337 S.C. 256, 523 S.E.2d 753 (1999).) [Emphasis in original.] Petitioner clearly could have raised the issue of the denial of his right to an Austin appeal in his C.A. No. 2005-CP-38-0379 PCR application, and he was therefore barred from raising it here. Id.

Petitioner timely filed a Notice of Appeal on April 7, 2009. However, Petitioner's appeal was dismissed before briefing. The South Carolina Supreme Court filed an Order of Dismissal on April 23, 2009. In the Order of Dismissal, the Court noted that in the explanation required by Rule 227(c), SCACR, petitioner had failed to show that there was an arguable basis for asserting that the

determination by the lower court was improper. Accordingly, this matter was dismissed. The Remittitur was issued on May 13, 2009.

## II. HABEAS ALLEGATIONS

Petitioner raises the following Grounds in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

> Ground One: Insufficiency of the Evidence (upon which to sustain a judgment of conviction).
>
> Supporting Facts: the alleged evidence presented at trial will not sustain a judgment of conviction because it (the evidence) does not satisfy the constitutional standard that requires that a criminal convictions[sic] be based upon evidence to sustain a 'beyond-a-reasonable-doubt' standard of review.
>
> Ground Two: Ineffective Assistance of Trial Counsel
>
> Supporting Facts: Trial counsel's failure to properly investigate and prepare for this case hindered Petitioner from receiving a "fair" trial and to "due process" of law in a criminal proceeding, in violation of the Fifth, Six, and Fourteenth Amendments to the U.S. Constitution.
>
> Ground Three: Ineffective assistance of Appellate Counsel
>
> Supporting Facts: Counsel failed to raise and argue non-frivolous grounds for appeal which are contained in the record.

(Habeas Petition).

## III. SUMMARY JUDGMENT

On September 1, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to

fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondent argues since Petitioner's conviction became final before the enactment of the AEDPA on April 24, 1996, he had until April 24, 1997, to file his federal habeas corpus action unless the period was at any time tolled.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

11

> application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was found guilty and convicted on June 6, 1989. Petitioner timely appealed his conviction and sentence. Said appeal was dismissed on November 19, 1990, by the South Carolina Supreme Court, and the remittitur issued on November 30, 1990. Petitioner filed his first PCR application on May 20, 1992, which was dismissed on June 16, 1995. There was no appeal of the denial of this first PCR.

Petitioner filed a second PCR application on December 28, 1995. Petitioner was granted Austin relief for a belated PCR appeal on January 18, 1998, and the remainder of the PCR application was dismissed as successive. Petitioner did not appeal the second PCR court's order. The statute of limitations was tolled from April 24, 1996, until January 18, 1998, the end of his second post-conviction relief action. Petitioner had 365 days from January 18, 1998, to timely file a habeas petition. Petitioner did not file his federal habeas corpus petition until June 19, 2009, with a Houston

v. Lack, 487 U.S. 266 (1988), delivery date of June 15, 2009[3]. Therefore, it is clearly outside the statute of limitations and should be dismissed.[4] The third and fourth PCR applications would not have tolled the statute of limitations as they were not "properly filed." See 28 U.S.C. 2254(d)(2). The 3rd and 4th PCR applications were dismissed as successive and untimely and, thus, not "properly filed," as well. Therefore, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed as time barred.

Petitioner has not presented evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted).

---

[3] This is the date in the petition which Petitioner declared he placed the petition in the prison mailing system. (See petition). There does not appear to be a "Mail Room" stamp date on the envelope.

[4] The undersigned is mindful of the Supreme Court's recent opinion in Jimenez v. Quarterman, --- U.S. --- , 129 S.Ct. 681, 172 L.E.2d 475 (2009), but concludes that it does not affect the analysis here. In Jimenez, the Supreme Court held that when state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction for purposes of § 2244(d)(1)(A) and the commencement of limitations period under § 2244(d)(1)(A) is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal. Jimenez, 129 S.Ct. at 683-87. Jimenez emphasizes that its decision is "a narrow one" limited to construing the language in § 2244(d)(1)(A) that points to the conclusion of direct appellate proceedings in state court. Id. at 686. In the present case, Petitioner was granted the right to file a belated appeal of the Order of Dismissal of his first PCR Application. Section 2244(d)(2) governs the tolling of the statute of limitations during the pendency of PCR proceedings. The Eighth Circuit has rejected an argument that Jimenez has a bearing on the question whether an application is "pending" for purposes of § 2244(d)(2), noting that "[w]hen a conviction becomes "final" for purposes of § 2244(d)(1)(A) is distinct from when an application for post-conviction review is "pending" for purposes of § 2244(d)(2)." Streu v. Dormire, 557 F.3d 960, 967 n. 2 (8th Cir.2009). See also Golden v. McCall, No. 9:08-3469-TLW-BM, 2010 WL 146164, *5 n. 16 (D.S.C. Jan. 8, 2010); Drew v. Superintendent, MCI-Shirley, 607 F.Supp.2d 277, 282 n.3 (D.Mass. 2009).

Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #11) be GRANTED, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 16, 2010  
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**